**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Michael G. Capeci
mcapeci@rgrdlaw.com

July 9, 2020

**MEMO ENDORSED**

VIA ECF

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Without objection, the Court transfers this case to the United States District Court for the District of New Jersey in the interests of justice and for the convenience of the parties. See 28 U.S.C. § 1404(a).
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: July 30, 2020
> New York, New York

Re: *Strougo v. Mallinckrodt plc, et al.*,
    Case No.: 1:19-cv-07030-ER

Dear Judge Ramos:

Pursuant to Rule 2.A.ii of this Court's Individual Practices, we write on behalf of Lead Plaintiff Canadian Elevator Industry Pension Trust Fund ("Plaintiff") to respectfully request a pre-motion conference to discuss Plaintiff's intention to move to transfer the above-captioned lawsuit (the "Action") to the United States District Court for the District of New Jersey ("DNJ"). Plaintiff has conferred with Defendants,[1] who do not oppose this motion. Alternatively, as this anticipated motion is unopposed, Plaintiff respectfully requests that the Court grant Plaintiff's requested relief and transfer the Action to DNJ without the need for a pre-motion conference or the filing of a formal motion. *See Galestan v. OneMain Holdings, Inc.*, 348 F. Supp. 3d 282, 286-87 (S.D.N.Y. 2018) (adjudicating an anticipated motion raised in a pre-motion letter without the need for a pre-motion conference or a formal motion).

This Action centers on Acthar, a drug manufactured by defendant Mallinckrodt. *See* ECF No. 42 at 2. According to Mallinckrodt's Form 10-K for the fiscal year ended December 31, 2018, filed on February 26, 2019 (the "2018 Form 10-K"),[2] the Company is divided into two businesses: (i) Specialty Brands, whose commercial headquarters are located in Bedminster, New Jersey; and (ii) Specialty Generics. Ex. A at 2. Acthar represents a significant component of the Specialty Brands business. Specifically, during fiscal year 2018, Acthar generated $1.11 billion in sales, which comprised approximately: (i) 48% of Specialty Brands' total sales; (ii) 22% more than Specialty Generics' $909.4 million in total sales; and (iii) 35% of the Company's total sales. *Id.* at 3-4. Further, according to Mallinckrodt's website, the Company hires and employs individuals

---

[1] "Defendants" are Mallinckrodt plc ("Mallinckrodt" or the "Company"), Mark C. Trudeau, Bryan M. Reasons, George A. Kegler, and Matthew K. Harbaugh. *See* ECF No. 42 at 1.

[2] Relevant excerpts of the 2018 Form 10-K are attached hereto as Exhibit A.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Edgardo Ramos
July 9, 2020
Page 2

involved in clinical development for the Specialty Brands business at Mallinckrodt's commercial headquarters in New Jersey.[3] Thus, witnesses, information, and documents relevant to Acthar – the subject matter of this Action – are resident in DNJ.

Motions to transfer are governed by 28 U.S.C. §1404(a), which permits transfer "[f]or the convenience of parties and witnesses . . . to any other district or division where [the case] might have been brought[.]" District courts apply a two-part test in determining whether to transfer an action pursuant to §1404(a): (i) "the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought"; and (ii) "the transfer must be in the interest of justice and convenience of the parties and witnesses." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 26 (S.D.N.Y. 2016) (granting transfer). If, as here, the first prong is met,[4] courts evaluate the following factors in assessing the second prong: (i) "the convenience of the witnesses"; (ii) "the convenience of the parties"; (iii) "the location of relevant documents and the relative ease of access to sources of proof"; (iv) "the locus of operative facts"; (v) "the availability of process to compel the attendance of unwilling witnesses"; (vi) "the relative means of the parties"; (vii) "the forum's familiarity with the governing law"; (viii) "the weight accorded the plaintiff's choice of forum"; and (ix) "trial efficiency and the interests of justice." *Id.* at 27.

Each factor weighs in favor of (or is neutral to) granting Plaintiff's anticipated motion. Factors one and two strongly favor transfer because most, if not all, witnesses concerning Acthar will be located in New Jersey, and neither Plaintiff nor Defendants are located in this District. *See Paysafe Holdings UK Ltd. v. Accruit, LLC*, 2019 U.S. Dist. LEXIS 38724, at *11 (S.D.N.Y. Mar. 11, 2019) (Ramos, J.) (granting transfer motion and noting that the convenience of the witnesses factor "has often been described as the single most important §1404(a) factor"). Factors three and four also strongly favor transfer because Acthar underlies the central issue in this case. *See* ECF No. 42 at 2. Factor eight also strongly favors transfer because Plaintiff did not file the initial complaint in this Action (ECF No. 1) and only recently was appointed as the PSLRA lead plaintiff on June 25, 2020. ECF No. 42. Plaintiff should not be bound by the initial plaintiff's choice of venue and should be permitted to select the most appropriate forum for this Action. *See In re Anadarko Petroleum Corp. Class Action Litig.*, 2012 U.S. Dist. LEXIS 195126, at *9-*11 (S.D.N.Y. Mar. 19, 2012) (granting motion to transfer made by lead plaintiff who did not file the initial complaint but was appointed as lead plaintiff pursuant to the PSLRA and finding that "courts have not hesitated to grant motions to transfer venue filed by a plaintiff").

---

[3] *See* http://www.mallinckrodt.com/careers/where-we-are/bedminster-nj/ (last visited July 9, 2020).

[4] This Action could have been filed in DNJ because Mallinckrodt's Specialty Brands headquarters is in New Jersey and, therefore, the Company necessarily transacts business in DNJ. *See* 15 U.S.C. §78aa (venue is proper for Securities Exchange Act of 1934 claims "wherein the defendant is found or is an inhabitant or transacts business").

**Robbins Geller Rudman & Dowd LLP**

The Honorable Edgardo Ramos
July 9, 2020
Page 3

      The remaining factors are neutral either because this District and DNJ are equally capable (factors five and seven) or the parties are similarly situated (factors six and nine). Because "all of the non-neutral factors – including convenience of the witnesses, convenience of the parties, and locus of operative facts – all favor transfer" and the remaining factors are neutral, this Action should be transferred. *Indian Harbor Ins. Co. v. NL Envtl. Mgmt. Servs.*, 2013 U.S. Dist. LEXIS 38001, at *32 (S.D.N.Y. Mar. 19, 2013) (granting transfer from this District to DNJ).

*   *   *

      Plaintiff is prepared to address these matters further at the Court's convenience.

                      Respectfully submitted,

                      */s/ Michael G. Capeci*

                      MICHAEL G. CAPECI

MGC/paf
Attachment